DLD-022                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3452
_____

ENRICO J. CIARROCCHI,
                                                    Appellant

v.

UNUM GROUP
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-01704)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2011

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: November 3, 2011 )
_____

OPINION
_____

PER CURIAM

        Enrico J. Ciarrocchi appeals from an order of the District Court granting summary

judgment to Unum Group ("Unum") on his claim for rescission of a settlement

agreement.  For the following reasons, we will summarily affirm.

I.

Ciarrocchi, a former accountant, has suffered from bipolar disorder with psychotic features since 1994. In 1996, he submitted a claim under a disability policy he had with Unum, and Unum began paying monthly benefits under the policy. In February 2003, Ciarrocchi and Unum entered into a settlement pursuant to which Unum paid Ciarrocchi a lump sum of $360,000 in exchange for his cancellation of the policy.[1] Ciarrocchi attempted to start his own accounting business with the proceeds of the settlement, but his business ultimately failed.

In 2008, Ciarrocchi filed this lawsuit seeking to void the settlement agreement on the basis that he lacked the capacity to enter into it. Unum removed the matter to federal court and ultimately moved for summary judgment. The District Court granted that motion, concluding that Ciarrocchi failed to "create a genuine dispute of fact over whether, in 2003, he was competent to enter a settlement agreement." Ciarrocchi timely appealed.[2]

---

[1] According to the release, the settlement equaled 72.5% of the present value of Ciarrocchi's anticipated future benefits under the policy.

[2] Ciarrocchi filed a timely motion for reconsideration that tolled the time period for filing an appeal, see Fed. R. App. P. 4(a)(4)(A); see also Fed. R. Civ. P. 59(e), and filed his notice of appeal while that motion was pending. His appeal became ripe for review once the District Court ruled on the outstanding motion. See Fed. R. App. P. 4(a)(4)(B)(i). As Ciarrocchi did not appeal the District Court's order denying his motion for reconsideration, that order does not fall within the scope of our jurisdiction. See Fed. R. App. P. 4(a)(4)(B)(ii).

2

II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441. We have appellate jurisdiction under 28 U.S.C. § 1291, and may summarily affirm the District Court's judgment if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Our review of an order granting summary judgment is plenary. Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We agree with the District Court that there is insufficient record evidence from which a jury could infer that Ciarrocchi lacked the ability to understand the nature and effect of the 2003 settlement at the time he entered into it. See Wolkoff v. Villane, 672 A.2d 242, 245 (N.J. Super. Ct. App. Div. 1996) ("The test of capacity to make an agreement . . . is . . . that a man shall have the ability to understand the nature and effect of the act in which he is engaged . . . and the business he is transacting.") (quotations omitted and alteration in original)[3]; see also Justofin v. Metro. Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004) ("[A] dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.") (quotations omitted). The record reveals that, prior to settling with Ciarrocchi, representatives of

---

[3] The settlement agreement does not contain a choice of law provision. However, we agree with the District Court that New Jersey bears the "most significant relationship" to the transaction. See Gilbert Spruance Co. v. Pa. Mfrs. Ass'n Ins. Co., 629 A.2d 885, 888 (N.J. 1993) (listing considerations germane to conflict of law analysis).

3

Unum contacted his treating psychiatrist, Doctor Steinberg, for an opinion as to whether Ciarrocchi had sufficient capacity to execute a settlement. The doctor, who had treated Ciarrocchi for nine years, reported that Ciarrocchi was capable of understanding the risks and benefits involved in the transaction and that, while he was "up and down" for the first three or four years after he was diagnosed, he had been stable for the subsequent four or five years. Doctor Steinberg confirmed that opinion at his deposition, adding that he questioned Ciarrocchi with mathematical examples to ensure that he understood the nature of a lump sum payout.[4] The record also reflects that Ciarrocchi negotiated with Unum to receive a greater settlement than Unum initially offered.

Ciarrocchi attempted to undermine Doctor Steinberg's testimony by suggesting that he was biased because he knew that Ciarrocchi wanted to settle with Unum. But that argument is not supported by the record. Furthermore, it is apparent from Ciarrocchi's own testimony that Doctor Steinberg was the person most familiar with his condition and most qualified to give an opinion on his capacity during the relevant time period. And while the evidence upon which Ciarrocchi relies establishes that he initially struggled to get his disorder under control, that he continues to suffer from some symptoms, and that he still takes medication, it does not undermine the unrefuted evidence that he was

---

[4] In a filing in support of his appeal, Ciarrocchi contends, for the first time, that he never received a copy of the doctor's deposition. Notably, he does not contend that he ever requested and/or paid for a copy, nor does he identify any prejudice he suffered as a result. Furthermore, the record reflects that Unum served Ciarrocchi with the exhibits filed in support of its summary judgment motion, which included an essentially complete copy of the doctor's deposition.

competent to enter into the 2003 settlement.  See Jennings v. Reed, 885 A.2d 482, 489 (N.J. Super. Ct. App. Div. 2005) (doctor's opinion that plaintiff "suffered anxiety and emotional trauma due to a longstanding medical condition" did not establish that plaintiff, who negotiated modifications to an agreement, was "unable to comprehend the nature and extent of his acts").  That the business Ciarrocchi started with the proceeds of the settlement did not succeed is unfortunate, but his determination, in hindsight, that monthly benefits would have been preferable to a lump sum payment is not an appropriate basis for voiding the settlement agreement.

As Ciarrocchi's appeal presents no substantial question, we will summarily affirm.

5